IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| ARKANSAS EMERGENCY TRANSPORT, LLC | * * * | |
| Plaintiff | * * | |
| VS. | * * | NO: 4:07CV00651   SWW |
| CITY OF SHERWOOD, ARKANSAS and BILL HARMON, in his official capacity as Mayor of the City of Sherwood, Arkansas and individually | * * * * * | |
| Defendants | * * * | |

### ORDER

Plaintiff, Arkansas Emergency Transport, LLC ("AET") brings this action pursuant to 42 U.S.C. § 1983, claiming that Defendants--the City of Sherwood, Arkansas and Mayor Bill Harmon--terminated AET's ambulance service franchise in violation of the Fourteenth Amendment's Due Process Clause.  AET brings supplemental state law claims for breach of contract and violation of due process rights granted under the Arkansas Constitution.  Before the Court is AET's motion for partial summary judgment (docket entry #15), Defendants' response in opposition (docket entry #18), and AET's reply (docket entry #21).  After careful consideration, and for the reasons that follow, the motion for partial summary judgment will be denied.

**I.**

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When considering a motion for summary judgment, a court must construe all evidence in favor of the non-moving party. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)). However, the non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed. R. Civ. P. 56(e))

## II.

The following facts are undisputed. The Arkansas Municipal Ambulance Licensing Act authorizes cities of the first and second class to "own operate, permit, control, manage, franchise, license, and regulate" emergency and non-emergency ambulances and ambulance companies. *See* Ark. Code Ann. § 14-266-102(a)(1). Under the Act, cities have the power to contract, exclusively or otherwise, for the provision of ambulance services for the city and to provide continuing supervision of those services. *See* Ark. Code Ann. § 14-266-102(b)(3).

In April 2005, the City of Sherwood solicited letters of interest from ambulance service providers for the award of an exclusive franchise to provide ambulance service within the City. AET, who had served as the exclusive ambulance service provider for the City since 1996, submitted a letter of interest. On June 27, 2005, the City Council adopted a resolution

authorizing Mayor Harmon to contract for ambulance services and approved AET as the ambulance service provider. Docket entry #15, Ex. #1.

Pursuant to the City Council's resolution, the City and AET entered an agreement, effective August 1, 2005, granting AET an exclusive, five-year ambulance service franchise. *Id.*, Ex. #2. The agreement provides, in part, as follows:

> Default. City may declare this Agreement to be in default upon AET's failure to comply with all Agreements contained herein. In the event that AET defaults under the terms of this Agreement and such default shall continue for a period of thirty (30) days, City may give AET written notice of City's intention to cancel this Agreement and such notice shall state the particular provisions of the Agreement that AET has defaulted in the fulfillment thereof, and AET shall have ten (10) days within which the cure AET's default. In the event that AET should fail to cure such default within ten days from the receipt of the above notice, this contract shall, without further notice, be automatically terminated. City's failure to terminate this contract because of any default shall in no way constitute a waiver of any future default nor shall it stop business from exercising the option of terminating the Agreement at a later date.

*Id.*

By letter dated September 29, 2006, the City informed AET that it considered AET to be in default of the franchise agreement and that the contract would terminate on October 10, 2006. The letter states, in part, as follows:

> Specifically, the agreement requires efficient and competent staffing and the utilization of proper equipment. AET has on numerous occasions responded to calls at the Sherwood Family Medical Center, after being advised as to the nature of the emergency, and enter the clinic with no equipment to assist in transport or treatment. Having to return to the vehicle after the initial arrival is a needless waste of time in a serious emergency.
>
> Additionally, on September 25, 2006, one of your employees was arrested for public intoxication while responding to a call. On September 28, 2006 AET advised Sherwood that they had no available vehicles for an emergency transport. Although AET advised that MEMS would be contacted for help, MEMS advises that no such request was ever made.
>
> These failures to provide the promised level of service, as set forth in Sec. 2.A. of the

   agreement requires the City to take this action.  The City will make arrangements to transition to a new service provider on the date given above.

*Id.*, Ex. #4.

  AET requested an opportunity to meet with Mayor Harmon within ten days following receipt of the September 29 notice,  but the request was denied.   On October 10, 2006,  the City entered into an ambulance service agreement with the City of Little Rock, providing that MEMS would provide the City's ambulance service.

### III.

  AET moves for summary judgment on all claims on the issue of liability, reserving the issue of damages for trial.  Regarding the breach of contract claim, AET asserts that the undisputed evidence shows that the City breached the franchise agreement by "terminating it without giving AET prior notice of its alleged default and an opportunity to cure." Docket entry #16, at 17.

  The franchise agreement provides that in the event that AET defaults under the terms of the agreement and the City elects to give written notice of its intention to cancel, the "notice shall state the particular provisions of the Agreement that AET has defaulted in the fulfillment thereof, and AET shall have ten (10) days within which the cure AET's default."   Docket entry #15, Ex. #2.  The City's written notice identifies the provisions of the agreement that AET allegedly failed to fulfill.  Although the notice does not  state that AET is entitled to cure the default, nothing in the franchise agreement requires such a statement.   The record does not establish that the City denied AET a ten-day period within which to cure the alleged default. AET claims only that it requested and was denied a meeting with Mayor Harmon.  This allegation, without more, does not establish that AET was denied the right to cure its default.

   The Court now turns to AET's due process claim.  In order to establish a claim for denial

of procedural due process, a plaintiff must first establish it possessed a "legitimate claim to entitlement" to property.  *See Gold Cross Ambulance and Transfer v. City of Kansas City,* 705 F.2d 1005, 1016 (8th Cir. 1983)(citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972)).  In this case, AET describes its property interest as follows: "The right to operate an emergency ambulance service within the City of Sherwood and to collect fees therefore . . . . " Docket entry #21, at 6.

Although a property interest is created by an independent source such as state law, federal constitutional law determines whether that interest rises to the level of a "legitimate claim of entitlement" protected by the Due Process Clause.  *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9, 98 S. Ct. 1554 (1978) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701(1972)).  "Resolution of the federal issue begins, however, with a determination of what it is that state law provides." *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 757, 125 S. Ct. 2796, 2803-2804 (2005).

Property rights can be created by state statutes and local regulations.  However, a statute or regulation that places no substantive limitations on official discretion creates no interest entitled to protection under the Due Process Clause.  *See Town of Castle Rock, Colo.*, 545 U.S. at 756, 125 S. Ct. at 2803("Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").  The Arkansas Municipal Ambulance Licensing Act places no limitations on a city's ability to grant, deny, or terminate an exclusive franchise for ambulance services.   Based on the broad discretion conferred to cities under the Act, the Court finds that it confers no property rights protected under the Due Process Clause.

A contract with a state entity can give rise to a property right protected under the Due

Process Clause.  *See Omni Behavioral Health v. Miller*, 285 F.3d 646, 652 (8th Cir. 2002)(citing *Perry v. Sindermann*, 408 U.S. 593, 599-601, 92 S. Ct. 2694 (1972)).  Generally, state contracts found to be protected property interests generally fall into two categories: (1) contracts that confer a protected status and (2) contracts that include a provision that the state entity can terminate the contract only for cause. *Id.*

Although the franchise agreement in this case contains no explicit promise that the agreement can be cancelled only for cause, such a provision is implied.  The agreement is for a definite five-year term, granting AET an exclusive franchise to "begin at 12:00 a.m. on August 1, 2005 and continue until 11:59 p.m. on July 31, 2010."  Docket entry #15, Ex. #2.   Additionally, the agreement does not reserve to the City the right to cancel for any reason.  To the contrary, the default clause provides that the City may declare the agreement to be in default upon AET's failure to comply with all terms of the agreement.

Under Arkansas law, an employment contract for a definite term may not be terminated before the end of the term, except for cause or by mutual agreement, unless the right to do so is reserved in the contract.  *See Griffin v. Erickson*, 277 Ark. 433, 437, 642 S.W.2d 308, 310 (1982). The Court finds that this rule is applicable to the parties' franchise agreement for a definite term and that the franchise agreement is terminable only for cause.[1]

"The hallmark of property . . .  is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'  Once that characteristic is found, the types of interests protected as 'property' are varied and, as often as not, intangible, relating "to the whole domain

---

[1] Defendants argue that the agreement is not terminable for cause because the default paragraph provides that the City "may" declare the agreement to be in default and "may"  give AET written notice of City's intention to cancel.  The Court disagrees that the use of the word "may" in this context has any bearing on whether the franchise agreement can be terminated for any reason or only for cause.

of social and economic fact." *Logan v. Zimmerman Brush Co.* 455 U.S. 422, 430, 102 S. Ct. 1148, 1155 (1982)(citations omitted).  Because the parties' franchise agreement is terminable only for cause, the Court finds that AET's interest is protected under the Due Process Clause.

In addition to establishing that it possessed a protected property interest, AET must show that it was deprived of that interest without sufficient process.   AET asserts that the property interest at stake in this case required a pre-termination hearing, and Defendants contend that a post-deprivation breach-of-contract action provides all the process that is due.  Due process is a flexible concept, and the procedural protections due in a particular case depend on the following factors:

> First, the private interest that will be affected by the official action;  second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;  and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903 (1976).

 AET provides no specific information regarding the consequences it suffered as a  result of the City's termination of the franchise agreement.  Furthermore, the record contains no information that allows an assessment of the City's interests, and whether a pre-termination hearing was administratively feasible.   Because the Court is unable to determine the procedural protections due in this case,  genuine issues remain for trial regarding AET's due process claim.

**IV**.

For the reasons stated, the Court finds that Plaintiff's motion for partial summary judgment (docket entry #15) should be and it is hereby DENIED.   It is further ordered that

Defendants' motion to strike Plaintiff's reply to Defendants' response (docket entry #22) is DENIED AS MOOT.[2]

IT IS SO ORDERED THIS 6TH DAY OF JUNE, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2]In support of the motion to strike, Defendants argue that Plaintiff presents additional materials in the reply which should not be considered by the Court unless Defendants also have an opportunity to present additional materials. Even considering the materials presented in support of Plaintiff's reply, the Court finds that the motion for partial summary judgment should be denied.