IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| ARKANSAS EMERGENCY TRANSPORT, LLC | * * * | |
| Plaintiff | * * | |
| VS. | * * | NO: 4:07CV00651   SWW |
| CITY OF SHERWOOD, ARKANSAS and BILL HARMON, in his official capacity as Mayor of the City of Sherwood, Arkansas and individually | * * * * * | |
| Defendants | * * * | |

**ORDER**

Plaintiff, Arkansas Emergency Transport, LLC ("AET") brings this action pursuant to 42 U.S.C. § 1983, claiming that the City of Sherwood and Sherwood Mayor Bill Harmon terminated AET's exclusive ambulance franchise in violation of the Due Process Clause and in breach of the franchise agreement.  Before the Court is AET's motion for reconsideration and clarification of the Court's ruling denying AET's second motion *in limine*  (docket entry #45). Defendants have filed a response (docket entry #51), and AET has filed a reply (docket entry #54).  After careful consideration, and for the reasons that follow, AET's motion will be denied as moot.

In its second motion *in limine*, AET sought to exclude what it describes as irrelevant and highly prejudicial evidence including a letter of complaint regarding AET's ambulance service,

1

testimony of a family member of a patient transported by AET, and internal incident reports issued to AET employees. The Court denied AET's motion, finding that evidence of AET's performance under the franchise agreement is relevant. The Court reasoned that if AET's alleged default amounted to a material failure of performance, the City had no obligation to accept further performance.

AET asserts that the Court's ruling disregards and renders meaningless the plain language of the parties' agreement, which states that AET shall be given a 10-day period within which to cure a default. AET further asserts that the Court's decision is contrary to the Eighth Circuit's decision in *Matrix Group Limited, Inc. v. Rawlings Sporting Goods Co.*, 477 F.3d 583 (8th Cir. 2007).[1] AET requests that the Court clarify that the City may not defend its alleged failure to afford AET an opportunity to cure by arguing that AET committed a prior material

---

[1] In *Matrix*, the parties entered an agreement granting Matrix exclusive license to sell Rawlings' merchandise. The agreement provided that if a party breached the agreement, the other was entitled to terminate the contract if the breaching party did not cure within thirty days of receiving written notice of the breach. The agreement provided one exception–Rawlings could terminate the agreement immediately if Matrix became insolvent.

Rawlings terminated the contract without giving Matrix notice and the opportunity to cure, and Matrix sued for breach of contract. The district court entered summary judgment in favor of Matrix. Rawlings appealed, arguing that it was excused from the notice and cure requirements because Matrix had materially breached the contract. The Eighth Circuit rejected this argument, finding no decision under applicable state law (Delaware law) on point. The Court concluded that the dispute should be resolved according to "'the more fundamental principle that the unambiguous language of a contract must be given its plain and full meaning.'" *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.* 477 F.3d 583, 589 (8th Cir. 2007)(citing *Westfield Ins. Group v. J.P.'s Wharf, Ltd.*, 859 A.2d 74, 76 (Del. 2004). The Court further found that the unambiguous language of the notice and cure provision applied to "any" breach, other than the exception for insolvency, and Rawlings could not defend on the ground that it was excused from giving Matrix an opportunity to cure.

breach that excused the City from complying with the cure provision.

Defendants respond that they do *not* proceed under a theory a prior breach excused the City from giving notice and an opportunity to cure, and they will not argue such a theory to the jury. Accordingly, AET's request for clarification is moot.

Finally, even though Defendants will not argue that the City was excused from the cure provision, evidence of AET's default remains relevant. Defendants state that they will argue at trial that AET had a 14-day window of opportunity to cure, and it failed to do so. Evidence of AET's alleged default is relevant to this defense.

For the reasons stated, AET's motion for reconsideration and clarification (docket entry #45) is DENIED AS MOOT.

IT IS SO ORDERED THIS 12TH DAY OF SEPTEMBER, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE